**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TYRONE ELLIS, ADC # 149250                                                                              PLAINTIFF

v.                                              2:16CV00042-DPM-JJV

PATRICK DRUMMOND, APN,
East Arkansas Regional Unit                                                                              DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Tyrone Ellis ("Plaintiff") brought this action alleging that Advanced Practice Nurse Patrick Drummond exhibited deliberate indifference to his serious medical needs while he was incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction. (Doc. No. 2 at 4-8.) Now before the Court is Nurse Drummond's Motion for Summary Judgment, Statement of Facts, and Brief in Support. (Docs. No. 36-38.) Plaintiff has responded (Doc. No. 40), so this matter is ripe for a decision. After careful consideration of the pleadings in this case, for the following reasons, I find Defendant Drummond's Motion should be granted.

### II.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822,

825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   BACKGROUND

Plaintiff says on September 4, 2015, he was experiencing "painful swollen inflamed tonsils," but was not treated. (Doc. No. 2 at 4.) He says he was denied treatment until September 19, 2015. (*Id.*)

Plaintiff's attached grievance summarizes his complaint as, "You submitted a grievance on 9/18/15 stating you saw Nurse Rattler in sick call for a swollen left tonsil and gums and you were referred to the provider but have not been seen. You state you have been affected physically within your mouth of chewing, spitting, swallowing and pain when you brush your teeth." (*Id.* at 6.) In response, the Health Services Administrator stated, "You were seen by Nurse Rattler on 9/4/15 and referred to the provider for inflamed tonsils. You were then seen by APN Drummond on 9/19/15 for this sick call. You were assessed and treated as deemed medically necessary." (*Id.*) The grievance was found to be "with merit due to the delay" in Plaintiff receiving treatment. (*Id.*)

As a part of his Motion for Summary Judgment, Nurse Drummond has provided an affidavit. In it, he states he reviewed the medical records in this matter and:

> Ellis was examined by Licensed Practice Nurse ("LPN") Bernita Rattler on September 4, 2015, for complaints of swollen tonsils. Ms. Rattler noted at that time that she would refer Mr. Ellis to "refer to M.D." I note that during this period of time there were a number of providers with prescriptive authority providing direct patient care at the East Arkansas Regional Unit. On September 19, 2015, I examined

3

> Mr. Ellis; diagnosed him with tonsillitis; prescribed amoxicillin/clavulanic acid 500 mg/125mg, also known as Augmentin, to treat Mr. Ellis' tonsillitis; and referred Mr. Ellis to the dentist for evaluation of his gums.
>
> September 19, 2015, was the first date I was aware that Mr. Ellis had any medical need with regard to swollen tonsils. Each day when I arrive at the clinic to treat patients, a list has been created with the names of the patients that I am to examine and treat that day. On September 19, 2015, Mr. Ellis' name appeared on my list and I treated him that day. Prior to September 19, 2015, I am unaware of Mr. Ellis' complaints regarding his tonsils and his name did not appear on the list of patients that I was scheduled to examine and treat.

(Doc. No. 37-3.)

Jeffrey Stieve, M.D., Regional Medical Director for Correct Care Solutions, LLC, also provided an affidavit. (Doc. No. 37-4.) Dr. Stieve reviewed the medical records and states that Nurse Drummond's treatment was "appropriate and satisfactory for Ellis' complaints during the relevant period of time." (*Id.* at 2.)

IV.   **ANALYSIS**

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

Giving Plaintiff all benefit of the doubt, it appears Defendant Drummond did nothing to harm Mr. Ellis. He was merely the nurse on duty the day Mr. Ellis was approved for treatment.

4

While Mr. Ellis is justified in being upset that it took two weeks for him to receive treatment for tonsilitis, there is simply no evidence to support a constitutional claim here. Deliberate indifference demands "proof of a reckless disregard of the known risk." *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005). The record, weighted in Plaintiff's favor, does not permit the conclusion that Nurse Drummond - or anyone - recklessly disregarded his need for medication. At most, Plaintiff was subjected to negligence and this is insufficient to support a § 1983 cause of action. "A showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Instead, "[d]eliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008). Plaintiff's allegations as well as his Response to the Motion for Summary Judgment fall well short. So Defendant's Motion for Summary Judgment should be granted.

V.   **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that Defendant Drummond's Motion for Summary Judgment (Doc. No. 36) be GRANTED and this cause of action be DISMISSED with prejudice.

Dated this 18th day of November, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE